### MILTON HALSEY *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 1—402.]

Criminal Law—Continuance of Trial.

> Where a continuance is applied for by a defendant in a criminal case the applicant must act candidly in his dealing with the court, and where from the statements in such an application there is a doubt of good faith, the court is justified in refusing the application.

Instructions.

Where one is convicted of manslaughter he could not have been prejudiced by even an erroneous instruction on what constitutes murder.

### APPEAL FROM CLARK CIRCUIT COURT.

November 12, 1880.

OPINION BY JUDGE COFER:

There does not appear to have been any error in overruling the motion for a continuance. There was not sufficient evidence of a probability of getting the witnesses at another term. In his affidavit the appellant said the letter informing him that Aleen was in Covington was written to him, but when inquired of by the court whether he could produce the letter he answered that it was written to his codefendant, who had it at Lexington.

This was calculated to create a suspicion that he was not dealing candidly with the court, and when taken in connection with the fact that he stated in the last affidavit that he could prove by Aleen much more than he had stated in his affidavit at a previous term justified the court in overruling a motion for a continuance.

We have not been able to see the opinion rendered on Cash Halsey's appeal, but there is this distinction between that case and this: Cash was convicted of the crime of murder, and the jury may have supposed that the instruction was intended to tell them that the fact that there was a mutual combat would not excuse from murder, that is, that even though the combat may have produced heat of blood it would not reduce the grade of the crime to manslaughter. But in this case the accused was found guilty of manslaughter, and therefore he could not have been prejudiced by that part of the instruction complained of.

Judgment *affirmed.*

*Nelson & Hathaway, for appellant.    P. W. Hardin, for appellee.*

[Cited, *McClurg v. Igleheart,* 17 Ky. L. 913, 33 S. W. 80.]